## HARPER and others *v.* SHOPPELL.

*(Circuit Court, S. D. New York. September 8, 1886.)*

COPYRIGHT — COPYRIGHT IN BOOKS PROTECTS CUTS AND ENGRAVINGS THEREIN.
    One who makes a plate from which a copy of a picture forming an important, substantial, and material part of an illustrated newspaper that is copyrighted can be produced, and sells it to the proprietors of a rival illustrated newspaper, with the knowledge that it will be published in that paper, is a joint tort-feasor with such publishers, and is guilty of infringement of the copyright. See *Harper v. Shoppell,* 26 Fed. Rep. 519.

Motion for New Trial. S. C. 26 Fed. Rep. 519.

*A. T. Gurlitz* for plaintiffs.

*Before publication,* an author, etc., has, at common law, an absolute legal title to his writings and discoveries, and may prevent the multiplication or

publication of his works, and any interference therewith or use thereof, directly or indirectly. *Prince Albert* v. *Strange*, 2 De Gex & S. 652, 693; *Turner* v. *Robinson*, 10 Ir. Ch. 142, 510; *Millar* v. *Taylor*, 4 Burr. 2303. By the reversal of the latter case in the house of lords, and the subsequent decisions based thereon, it is now settled that the rights to restrain the use, multiplication, and publication of the author's works are all lost by his publication of the same, except such rights as are secured to him by statute. *Donaldsons* v. *Becket*, 4 Burr. 2408; *Wheaton* v. *Peters*, 8 Pet. 591. The legislation in the United States upon the subject is to be found in Const. art. 1, §§ 8, 10; Rev. St. §§ 4952, 4964, 4965. There may be an innocent use of portions of books, but such use must be consistent with the entirety of ownership which the author has in his copyright. *Reed* v. *Holliday*, 19 Fed. Rep. 327. It has been decided that the act of·making copies for gratuitous distribution is a violation of the copyright. *Novello* v. *Sudlow*, 12 C. B. 177.

The cases in which engravings, etc., have been held to be protected as parts of the books in which they were printed, are collected. It is proper to say that they are all English cases, but in this respect the statutes of the United States follow the English statutes, and the cases are therefore of great weight.

In *Roworth* v. *Wilkes*, (1807,) 1 Camp. 94, the prints in a work on fencing were protected. In this case a number of the prints were copied. In *Wilkins* v. *Aikin*, (1810,) 17 Ves. 422, the plaintiff's work had 72 plates and 13 vignettes, and, the defendant's having only 7 plates, the defendant's work was claimed to be a lawful abridgment, and contained much original work, but the injunction was sustained by Lord ELDON. In *Barfield* v. *Nicholson*, 2 Sim. & S. 1, (1824,) there was an injunction restraining the defendant from *designing* any of the plates of the plaintiff's book. See page 10. In *Bogue* v. *Houlston*, 5 De Gex & S. 267, (1852,) it was also held that the copyright in a book extends to the illustrations as well as to the letterpress. In *Bradbury* v. *Hotten*, L. R. 8 Exch. 1, (1872,) the publishers of *Punch* were protected·from an invasion of their copyright in engravings published in that periodical, by taking from nine different numbers of the same *two* cuts wholly, and *seven* partly. In *Grace* v. *Newman*, L. R. 19 Eq. 623, (1874,) a book, being a business catalogue, consisting of designs for tombstones, was protected, and the defendant, who had copied a large number of the designs, was perpetually enjoined, although the catalogue·was used for advertising purposes. In *Maple* v. *Junior Army & Navy Stores*, 47 Law T. (N. S.) 589, (1882,) it was held, overruling *Cobbett* v. *Woodward*, 27 Law T. (N. S.) 260, that pictures or prints in a book, (in this case also an illustrated catalogue,) containing also letterpress of no literary merit, are, on registration of the book, entitled to protection from copyists, although such pictures or prints have not been registered under the engraving acts. JESSEL, M. R., says in this case, speaking of the English statute of copyright for books: "Engravings are not mentioned, and engravings published singly have to be specially protected; but there is nothing to exclude them when they form part of the book." And then he quotes with approval from the decision in *Bogue* v. *Houlston*: "It appears to me that a book must include every part·of the book; it must include every print, design, or engraving which forms part of the book, as well as the letterpress therein, which is another part of it." In *Macfarlane* v. *Oak Foundry Co.*, 20 Scot. Law Rep. 525, (1883,) the copying of some of the illustrations·from plaintiff's trade catalogue was held to be an infringement of the copyright in the catalogue. In this case a large number of the cuts had been reproduced. From the latter cases it appears that cuts of apparently little artistic merit could not legally be reproduced for advertising purposes.

*J. W. Hawes*, for defendant.

WALLACE, J.   Upon the conceded facts appearing in the stipulation filed for the purposes of the trial, the defendant has made an electrotype copy of "an important, substantial, and material part" of the plaintiffs' copyrighted illustrated newspaper, and sold the plate to the proprietor of another illustrated newspaper published in the same city where the plaintiffs' newspaper is published, the defendant knowing at the time of selling the plate that it would be used by the purchaser for printing and publishing in such newspaper the matter copied by defendant.   Under such circumstances the defendant is in no better position than he would be if he had himself printed and published the copyrighted matter in the purchaser's newspaper, because, as was stated in *Harper* v. *Shoppell*, 26 Fed. Rep. 519, 521, he is to be regarded as having sanctioned the appropriation of the plaintiffs' copyrighted matter, and occupies the position of a party acting in concert with the purchaser who printed and published it, and is responsible with him as a joint tort-feasor.   *Wallace* v. *Holmes*, 9 Blatchf. 65; *De Kuyper* v. *Witteman*, 23 Fed. Rep. 871; *Travers* v. *Beyer*, 26 Fed. Rep. 450.

Judgment is ordered for plaintiff.